# 𝔍𝔫 𝔱𝔥𝔢 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔉𝔢𝔡𝔢𝔯𝔞𝔩 ℭ𝔩𝔞𝔦𝔪𝔰

No. 19-1138T
(Filed: September 10, 2019)

```
*******************************
                              *
MARK LOUIS SANDERS,           *
                              *
          Plaintiff,          *
                              *
     v.                       *
                              *
THE UNITED STATES,            *
                              *
          Defendant.          *
                              *
*******************************
```

## ORDER OF DISMISSAL

On August 5, 2019, Plaintiff, Mark Louis Sanders, acting *pro se*, filed a Complaint with this Court alleging that the Defendant, the United States, imposed taxes on him without jurisdiction between years 1977 and 2018.[1] Compl., ECF No. 1. In support, Plaintiff attached an Order of Dismissal for Lack of Jurisdiction from the United States Tax Court.[2] *See* Compl., Ex. A.

Under the Tucker Act, 28 U.S.C. § 1491, the Court of Federal Claims has jurisdiction over tax refund suits if certain prerequisites are met.[3] *See United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008). First, a plaintiff must satisfy the full payment rule, which requires that the principal tax deficiency be paid in full. *See Shore v. United States*, 9 F.3d 1524,1526–27 (Fed. Cir. 1993); *see also Flora v. United States*, 357 U.S. 63, 68 (1958). Second, the plaintiff must timely file a tax refund claim with the IRS. *See* 26 U.S.C. § 7422(a) ("[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or

---

[1] This Complaint is part of a recent trend of similar cases filed by individuals challenging the jurisdiction of the IRS based, in part, on petitions previously dismissed by the U.S. Tax Court. The Court of Federal Claims has received twenty similar complaints from *pro se* plaintiffs since November 2018.

[2] In addition, Plaintiff filed an application to proceed *in forma pauperis*, which the Court denied on August 23, 2019. On August 29, 2019, Plaintiff tendered the requisite $400 filing fee.

[3] The jurisdiction of the Court of Federal Claims under the Internal Revenue Code is generally limited to the adjudication of tax refund suits. *Zolman v. United States*, No. 15-1116T, 2015 WL 7266624, at *1 (Fed. Cl. Nov. 12, 2015).

credit has been duly filed with the Secretary . . ."). Third, the plaintiff must provide the amount, date, and place of each payment to be refunded, as well as a copy of the refund claim when filing suit in the Court of Federal Claims. RCFC 9(m). Unless a plaintiff satisfies these prerequisites, the Court of Federal Claims lacks jurisdiction to hear a tax refund suit.

Although a *pro se* plaintiff's pleadings are generally held to "less stringent standards" than those of a professional lawyer, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), the Court cannot extend this leniency to relieve plaintiffs of their jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a case if at any time it determines that the action or appeal is "frivolous or malicious" or "fails to state a claim on which relief may be granted."

In this case, Mr. Sanders' Complaint is so irreparably deficient that it fails to state a claim upon which relief may be granted. Specifically, Mr. Sanders alleges that the United States imposed taxes on him without jurisdiction but fails to provide any evidence that he has pre-paid the principal tax deficiency—the first prerequisite to tax-refund jurisdiction. *See generally*, Compl. Instead, Mr. Sanders attached an Order of Dismissal for Lack of Jurisdiction from the United States Tax Court, in which the Tax Court dismissed Mr. Sanders' petition for failing to establish the jurisdictional prerequisites for bringing a claim in that Court. *See* Compl., Exs. A & B. Such a dismissal cannot serve as the basis for a claim in this Court. As Mr. Sanders has not established tax refund jurisdiction, or any other basis for his suit, Mr. Sanders has failed to state a claim upon which relief may be granted.

Accordingly, Plaintiff's case is hereby **DISMISSED**. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

_____
NANCY B. FIRESTONE
Senior Judge
For
EDWARD J. DAMICH
Senior Judge